UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JACKELINE PICASSO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 4:17-cv-3253 |
| **METROPOLITAN LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS,** | § | (JURY) |
| | § | |
| Defendant. | § | |

**DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY
OF TEXAS' NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") files this Notice of Removal of Cause Number 2017-57161, styled *Jackeline Picasso v. Metropolitan Lloyds Insurance Company of Texas,* currently pending in the 127th District Court, Harris County, Texas. Metropolitan removes the case to the U.S. District Court for the Southern District of Texas, Houston Division. As grounds for removal, Metropolitan states as follows:

**I.
OVERVIEW**

1.1     This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Metropolitan to Plaintiff Jackeline Picasso, for alleged damage to the Plaintiff's property located at 15915 Mission Glen Dr., Houston, TX  77083 , allegedly caused by wind and hail, which occurred on August 19, 2016 (*See* Plaintiff's Original Petition). Plaintiff commenced this action, styled *Jackeline Picasso v. Metropolitan Lloyds Insurance Company of Texas* by filing Plaintiff's Original Petition on August 28, 2017 under Cause Number 2017-57161 in the 127th Judicial District Court, Harris County, Texas. According to the Plaintiff's

Original Petition in that suit, the Plaintiff seeks to recover damages from the Defendant over $100,000.00, but not more than $200,000.00. Metropolitan was served the Plaintiff's Original Petition in that suit on September 28, 2017. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). A true and correct copy of all process, pleadings, and the orders served upon Metropolitan in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1   The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). The Plaintiff is now, and was at the time the lawsuit was filed, a resident of the State of Texas. (*See* Plaintiff's Original Petition). Defendant Metropolitan is now, and was at the time the action was commenced, an unincorporated association of underwriters whose individual underwriters are citizens of the States of Florida, Illinois, Rhode Island, and Wisconsin, and are not residents or citizens of Texas. "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Metropolitan] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[1] Accordingly, Metropolitan is a citizen of the States of Florida, Illinois, Rhode Island, and Wisconsin, and complete diversity exists.

---

[1] "Fifth Circuit jurisprudence is equally clear." *See Massey*, F. Supp. At 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

## III.
## REMOVAL PROPER

3.1     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2     Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3     Defendant Metropolitan, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Metropolitan will promptly file a copy of this Notice of Removal with the clerk of the 127th District Court, Harris County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1     In conjunction with filing this Notice of Removal, Defendant Metropolitan files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 127th District Court, Harris County, Texas

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Lloyds Insurance Company of Texas, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number 2017-57161, styled, *Jackeline Picasso v. Metropolitan Lloyds Insurance Company,* from the 127th District Court, Harris County, Texas to this Court on the 26$^h$ day of October, 2017, for trial and determination.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

_____*/s/ Dennis D. Conder*_____
By:   Dennis D. Conder
         State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

**ATTORNEYS FOR DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS**

## CERTIFICATE OF SERVICE

On October 26, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically and by facsimile, or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____*/s/ - Dennis D. Conder*_____
Dennis D. Conder

PAN/PLDG/595234.1/001466.17030